## Morris, for use of Rupp, *versus* McCulloch.

An assignment of a debt carries with it all the remedies and securities which the assignor had, but does not include a personal right of action founded on a tort which the assignor had against a third party, although arising from the same subject-matter.

October 24th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Armstrong county :* Of October and November Term 1876, No. 170.

This was an action on the case, brought in the name of Robert Morris, for the use of F. J. Rupp, against James A. McCulloch, to recover the amount of a judgment entered in the Common Pleas of Armstrong county.

The facts were these : On the 21st of May 1857, Robert Morris sold to John Moyer certain real estate in Freeport, and took from Moyer a judgment-bond as security for the unpaid purchase-money. This bond was given to McCulloch, as attorney for Morris, to enter

[Morris v. McCulloch.]

judgment thereon.  McCullough filed a *narr.* and entered judgment upon the bond on the 11th of July 1857 ; but the *narr.* was filed and the judgment entered against Jacob .instead of John Moyer, the obligee in the bond.  The bond was payable in instalments, and the first instalment, which fell due May 21st 1858, was assigned by Morris to Rupp, and paid by the defendant, John Moyer, at maturity.  The instalments due on the bond in 1859 and 1860 were sold by Morris to John M. Orr, who subsequently assigned them to Rupp ; but before they had matured the property of Moyer was sold by the sheriff and the funds referred to an auditor for distribution.

The judgment of Morris would have been the first lien on this fund, had it been properly entered; but the auditor held that, owing to the mistake made by the attorney in the entry of the name, there was no notice to subsequent creditors, and that the judgment could not be treated as a lien, and therefore awarded the fund to the subsequent judgment-creditors ; which award the court afterwards confirmed.

Rupp then brought this action on the 12th of May 1863, to recover from McCullough the amount thus lost; and the jury were sworn, and the action proceeded to trial in the name of Morris for use of Rupp, Morris being present as a witness in the cause.

At the trial the defendant offered in evidence a deposition of Morris, wherein he stated that he had not been injured by the alleged negligence of defendant, and that the present action was not brought by his direction nor at his instance.  This deposition, under objection, was admitted.

About the close of the trial a paper, signed by Morris, was produced and offered, wherein he disclaimed all interest in the case, and so far as he was concerned requested its discontinuance, as it was instituted without his authority and without consultation by the assignee.  This paper, under objection, was also admitted in evidence.

The court, Boggs, P. J., charged the jury :—

" The *narr.* mentioned and referred to in the declaration in this suit was filed July 10th 1857.  That declaration shows the entry of a judgment in favor of Robert Morris against Jacob Moyer, and the use party, plaintiff, contends that the defendant here was the plaintiff's attorney who drew up and filed that *narr.*, and that in so doing he was guilty of negligence, and entered judgment against Jacob Moyer, when the bond was the bond of John Moyer, and when the judgment should have been entered against him instead of Jacob Moyer.  The defendant denies this allegation, and that forms the first question for your consideration.  If you find from the evidence that this allegation is true, then the defendant becomes liable to Robert Morris for negligence, and for whatever amount of damages he actually sustained by reason of such negligence.

[Morris *v.* McCulloch.]

The ground of the action is negligence, and damages the result. Robert Morris could recover such damages in his own name as legal plaintiff, and so too if he assigned his damages, if any he sustained, with the cause of action, to F. J. Rupp. In that case the plaintiff could recover by using the name of the legal plaintiff, Robert Morris, for his use, as this suit is brought. But if Robert Morris ever had a cause of action, but did not wish to sue for the same, and did not sue therefor, no outside or other person could bring suit in his name for him, especially when he dissents and refuses to sue, unless, as already remarked, he had assigned his cause of action and damages. There is no evidence in this cause that Robert Morris ever assigned to F. J. Rupp, the use party, his cause of action and damages, if he had any. The cause of action accruing to Robert Morris was founded in tort, and he might waive his rights as to the tort and refuse to assign the same. And I think the law will not infer the assignment of a cause of action for such tort, and therefore instruct you that the written assignment of part of the judgment by Robert Morris, given in evidence, did not convey with it any cause of action or damages Robert Morris may have sustained by reason of the defendant's negligence, and therefore the use party, plaintiff, cannot recover in this suit. And if you find, from the evidence in the cause, that Robert Morris did not institute this suit, nor authorize it to be brought, and claims no interest in it, then there can be no recovery in this case, and your verdict should be for the defendant."

The verdict was found accordingly, and plaintiff took this writ, and among other assignments of error were one to the admission of the foregoing evidence, and one to the charge of the court, which are the only assignments passed upon by this court.

*E. S. Golden,* for plaintiff in error.—The question raised upon this record may be stated thus: Has the assignee of a judgment, lost through the admitted negligence of the attorney who entered it of record, no remedy as against the attorney? For if the right of action or remedy against the attorney is at the courtesy of the assignor, who has received his money from the assignee without any guarantee and has therefore no interest in the matter, or, what may be the case, is under the control of the attorney whose conduct produced the loss, practically the assignee is without remedy.

The ordinary rule is that the assignment of a debt carries with it all the remedies which the assignor has for its collection, and it will scarcely admit of a doubt that the assignor has a remedy against the attorney through whose negligence the debt failed of collection from the original debtor.

The idea that the action of the assignee was in tort apparently controlled the court below. It is true the action of the attorney is a tort in the sense of a wrongful act; the tort is, however, not

[Morris v. McCulloch.]

actual but constructive, springing as it does from a violation of the contract relation existing between attorney and client.

Though the action may be in form as for a tort, yet if the subject of it be based on contract, the suit will be attended by all the incidents of an action *ex contractu*, the most important of which incidents certainly is, in this case, the transfer of the assignor's remedy against the attorney to the assignee of the debt: Livingston *v.* Cox, 6 Barr 362; Wilt *v.* Welsh, 6 Watts 10.

*J. Gilpin* and *J. V. Painter*, for defendant in error.—The summons here is in case, the action for negligence; the declaration is not based on contract, nor does it set forth any special contract between Morris and McCulloch; it has none of the necessary incidents of a contract; the plea is not guilty, so that in its inception and all necessary steps to issue, it is an action of tort, and must be governed by the rules governing actions of tort. It is contended therefore that the rule of Livingstone *v.* Cox, 6 Barr 362, does not apply to this case.

A personal right of action for a tort is not assignable, 2 Tr. & H. Pract. 149, Clowes *v.* Hawley, 12 Johns 484; North *v.* Turner, 9 S. & R. 244; McFadden *v.* Johnson, 22 P. F. Smith 335; Baldwin *v.* Cash, 7 W. & S. 425; Gardner *v.* Adams, 12 Wend. 297; Pulver *v.* Harris, 52 N. Y. 73; s. c. 62 Barb. 500; Mackey *v.* Mackey, 43 Barb. 58; Zabriskie *v.* Smith, 13 N. Y. 322.

The judgment of the Supreme Court was entered October 30th 1876,

Per Curiam.—The matter in issue in this case was the alleged negligence of the defendant, whereby the plaintiff lost the lien of his judgment upon the real estate of John Moyer. It was therefore very irregular to introduce into the trial of the cause a question whether the plaintiff's right of action passed over to Rupp, the assignee of the judgment. It was an entire departure from the issue. So the introduction of the testimony of the plaintiff and his written disclaimer of his interest in the suit before the jury to defeat the action, was equally irregular. But it would be useless to reverse the judgment and send it back for a new trial, when the right of Rupp to maintain the action cannot be sustained, and when the plaintiff can prevent a trial by a retraxit or a discontinuance. It is not pretended that the plaintiff in fact assigned his right of action against McCulloch for negligence to Rupp. It is only claimed that it passed to Rupp by the effect of the assignment of the judgment against John Moyer. But this assignment carried with it only securities, if any, held to secure payment of the debt. A right of action founded on negligence of the attorney prior to the assignment, was a matter independent of the debt assigned, founded in alleged wrongful conduct, whereby the plaintiff was injured; and

[Morris *v.* McCulloch.]

was not a security held for the payment of the debt. Collaterals held as security pass in equity by the assignment, though not named; but a party is not bound to enforce a remedy for a wrong or injury done to him, though it relate to the matter assigned. Here the plaintiff in the judgment, Morris, assigned a judgment against John Moyer, to Rupp, when in point of fact he had none, his judgment being against Jacob Moyer. This might raise a question between him and Rupp, but was not an equitable assignment of his right of action against McCulloch.

Judgment affirmed.